# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRUCE MARCUM,**

      **Plaintiff,**

v.                                       **Civil Action No. 2:08cv64**
                                              **(Judge Bailey)**

**STATE OF WEST VIRGINIA,**

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil rights action on May 8, 2008. [Dckt. 1] On May 28, 2008, he was granted permission to proceed as a pauper, assessed the entire $350 filing fee and directed to pay an initial partial filing fee of $10.33. [Dckt. 7] Despite the Court's Order, the plaintiff has never paid any portion of the required filing fee.[1] This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

In the complaint, the plaintiff, an inmate in the custody of the West Virginia Division of Corrections, requests an Order from the Court repealing West Virginia Statute 3-2-2(b). The statute states in pertinent part:

> Any person who has been convicted of a felony, treason or bribery in an election, under either state or federal law, is disqualified and is not eligible to register to vote or to continue to be registered to vote while serving his or her sentence, including any period of incarceration, probation or parole related thereto.

W.Va. Code § 3-2-2(b).

---

[1]For this reason alone, the complaint is due to be dismissed for the failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

In support of his motion, the plaintiff asserts that the right to vote is a fundamental right of every American citizen. [Dckt. 1 at 1] He contends therefore, that suspension of the right to vote is only applicable when the vote itself was criminal, or was used to commit a crime. *Id.* Otherwise, the plaintiff argues, the application of W.Va. Code § 3-2-2(b) serves only as additional punishment. *Id.* The plaintiff further contends, however, that pursuant to the Fifth Amendment to the United States Constitution, citizens are protected from multiple punishments for the same offense under the Double Jeopardy Clause. *Id.* Although he acknowledges that such "punishment" is statutory rather than court imposed, the plaintiff believes because of its punitive purpose -- "piling one punishment on top of another" -- it is unconstitutional. *Id.* at 1-2. Thus, he requests the Court repeal W.Va. Code § 3-2-2(b) and "remove[] it from law as an unconstitutional statute." *Id.* at 2.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. 5. This clause therefore "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440 (1989). This case implicates the protection against cumulative punishments for the same offense, which prevents "the *sentencing court* from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983) (emphasis added). Thus, this Court is concerned with whether the total punishment imposed by the sentencing court exceeded that authorized by the legislature. Jones v. Thompson, 491 U.S. 376, 381 (1989).

In this case, the Court did not impose multiple punishments. The Court merely imposed the plaintiff's sentence for his crime, which without question, it had the authority to do. The plaintiff's

loss of his right to vote is merely a collateral consequence of his conviction. That loss was administered by the legislature, not the Court, and it is well-established that the *legislature* is not prohibited from punishing the same act or course of conduct under different statutes. See Albernaz v. United States, 450 U.S. 333, 344 (1981); see also Whalen v. United States, 445 U.S. 684, 689 (1980) (the legislature has "the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them"); Brown v. Ohio, 432 U.S. 161, 165 (1977) (The Fifth Amendment's double jeopardy protections principally serve to restrain courts and prosecutors. "The legislature remains free . . . to define crimes and fix punishments . . . "). In fact, the Fourteenth Amendment even permits the legislature to disenfranchise felons, specifically with regard to the right to vote. See U.S. Const. amend. XIV, cl. 2. The supreme Court has expressly stated that "the exclusion of felons from the vote has an affirmative sanction in [§] 2 of the Fourteenth Amendment. Richardson v. Ramirez, 418 U.S. 24, 54, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974).

Accordingly, to the extent that this Court has the authority to act in the manner in which the plaintiff requests, for the reasons stated, the undersigned finds that the plaintiff's claim has no legal or factual merit, is spurious, and recommends that the complaint [dckt. 1] be **DISMISSED with prejudice** from the active docket of this court pursuant to 28 U.S.C. § 1915 for the failure to state a claim upon which relief may be granted.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the

right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: December 3, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE